IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JORGE HARRIS a/k/a          )
GEORGE HARRIS             )    Case No. 1:16-v-0038
          Plaintiff,    )
v.                    )
                      )    UNITED STATES MAGISTRATE JUDGE
SUPT. NANCY GIROUX, ET AL.   )    RICHARD A. LANZILLO
                      )
          Defendants.    )
                      )    O R D E R

On December 15, 2017, the Court entered a Stipulated Protective Order in this matter. ECF No. 43. That Order protected Harris' medical and/or mental health information, among other things, from public disclosure by regulating the production and filing of various documents. *Id.* at 2-3. Pursuant to the Order, "any motions, briefs, pleadings, deposition transcripts, or other pre-trial papers to be filed with the Court [which] incorporate documents or information subject to this Order and labeled as CONFIDENTIAL, the party filing such papers shall designate such materials, or portions thereof, as CONFIDENTIAL and shall file a motion seeking leave of Court to file those documents under seal." *Id.* at 3, ¶4. Harris has now filed such a motion, seeking leave to file several documents under seal. ECF No. 79. *See also* LCvR 5.2(H).

Motions to seal are disfavored, for there is a presumption that documents affecting the disposition of litigation should be open to public view. *See, e.g., Nixon v. Warner Comm., Inc.,* 435 U.S. 598, 597 (1978); *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d Cir. 1993); *Curley v. Monmouth Cnty. Bd. Of Chosen Freeholders,* 2018 WL 3574880, at *17 (D. N. J. July 25, 2018) (citations omitted). This right of access insures public confidence and oversight, enabling "interested members of the public, including lawyers, journalists, and government officials, to

1

know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goessel v. Boley In'tl, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). Harris "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller*, 16 F.3d at 551 (quotation marks omitted). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194. Therefore, Harris must demonstrate that "good cause" exits in order to "overcome the presumption favoring a public right of access." *Goldenberg v. Indel, Inc.*, 2012 WL 15909, at *1 (D.N.J. Jan. 3, 2012) (citing *Securimetrics, Inc. v. Iridian Technologies, Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citing *Publicker Indus. Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). In *Pansy*, the Third Circuit instructed "that whether an order of confidentiality is granted at the discovery stage or another stage of litigation, including settlement, good cause must be demonstrated to justify the order." 23 F.3d at 786. *See also* Fed. R. Civ. P. 26(c). Courts "should scrutinize every such agreement involving the sealing of court papers and [determine] what, if any, of them are to be sealed, and it is only after very careful, particularized review by the court that a Confidentiality Order may be executed." *Id.*

Harris asks that these materials be filed under seal:

1.    Response to Concise Statement of Material Facts;
2.    Response in Opposition to Defendant's Motion for Summary Judgment; and
3.    An appendix of fifteen exhibits including cell history, depositions, medical records, grievance records, bed availability logs, diet forms, and doctor's notes.

ECF No. 79 at 1. Missing is any argument explaining how disclosure of these particular records will work a clearly defined and serious injury to Harris. *See Milhouse v. Ebbert*, 2017 WL 5484014, at *3-4 (M. D. Pa. Nov. 15, 2017). The Stipulated Protective Order in this case does contemplate that "sensitive personal medical and/or mental health information, personal identifying information, and proprietary business or sensitive non-public information belonging to the Department of Correction" may be filed. ECF No. 43 at 1. But the mere identification of the materials at issue here as "medical records" or "personal information", without more, is too broad an allegation of harm" and is "bereft of specific examples or articulated reasoning" sufficient to permit sealing them from public disclosure. *See In re Cendant*, 260 F.3d at 194. Without more, the Court cannot conclude that there is an overriding interest to seal or redact the materials identified in ECF No. 79 sufficient enough to overcome the strong presumption of public access. The motion is therefore DENIED without prejudice. If Harris' request can be properly limited in scope and if legally sufficient justification for filing the materials under seal exists, a new request may be filed.

It is so ordered.

Dated: *Nov, 15*____, 2018

_____
THE HON. RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

3