IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE HARRIS, a/k/a GEORGE HARRIS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:16-cv-0038 (Erie) |
| vs. | ) ) ) | RICHARD A. LANZILLO |
| NANCY GIROUX, ET AL. | ) ) | UNITED STATES MAGISTRATE JUDGE |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION

On January 25, 2019, this Court issued a Memorandum and Order (ECF No. 92, ECF No. 93), granting in part and denying in part Defendants' motion for summary judgment (ECF No. 67).[1] More specifically, the Court granted Defendants' motion in all aspects, the lone exception being Harris's First Amendment retaliation claim against Defendants Norton, Adams, and Behringer, as stated in Count I of the Amended Complaint. *See* ECF No. 93, at ¶ 3. On January 29, 2019, Defendants Norton, Adams, and Behringer filed a motion for reconsideration, arguing that the Court erred as a matter of law in holding that Harris properly exhausted his First Amendment retaliation claim. The Defendants argued that, because the relevant grievance did not specifically identify them by name, Harris's claim is not properly exhausted. Plaintiff Harris filed a Memorandum in opposition, arguing that Defendants have not satisfied the heavy burden placed on them in order to succeed on motion for reconsideration. ECF No. 103 at 1 (citing *Brown v. Fox*, 2019 WL 120728 at * 2 (W.D. Pa. Jan. 7, 2019)). Harris contends, among other things, that the Defendants have not demonstrated that this Court committed a manifest error of

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge in this matter. ECF No. 4, ECF No. 18. *See also* 28 U.S.C. § 636(c).

1

law. The Court finds the Defendants' arguments are not well-founded. Therefore, the Defendants' Motion for Reconsideration is **DENIED**.

I.     Standards for Motions for Reconsideration

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment within twenty-eight (28) days of its entry. A judgment may be altered or amended if the moving party demonstrates either (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court entered judgment, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Reconsideration of judgment is an extraordinary remedy, and such a motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999). Additionally, "[a] motion for reconsideration is not to be used as a means to argue matters already argued and disposed of ... [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. *Waye v. First Citizen's Nat. Bank*, 846 F. Supp. 310, 314 (M.D. Pa. 1994). "Motions for reconsideration are not designed to provide litigants with a 'second bite at the apple.'" *Cole's Wexford Hotel, Inc. v. UPMC & Highmark Inc.*, 2017 WL 432947, at *2 (W.D. Pa. Feb. 1, 2017) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). "A motion for reconsideration is not to be used to relitigate, or 'rehash,' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Cole's Wexford Hotel*, 2017 WL 432947, at *2 (citing *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998)). "By reason of the interest in

finality, at least at the district court level, motions for reconsideration should be sparingly granted." *Cole's Wexford Hotel*, 2017 WL 432947, at *1.

II. Discussion

The Defendants argue that reconsideration is appropriate because this Court legally erred in concluding that Harris exhausted his administrative remedies. Specifically, Defendants contend that because Harris did not identify the Defendants by name in the relevant grievance, his retaliation claim is procedurally defaulted and not properly exhausted. They do not argue that an intervening change in the law or newly discovered evidence mandates reconsideration. Harris asks this Court to deny reconsideration for two reasons: first, this issue has already been argued and disposed of, and second, there was no clear legal error in this Court's prior holding.

A. Was this issue previously argued and disposed of?

In their brief in support of their motion for summary judgment, the Defendants stated, "In Grievance Number 569626, Inmate Harris alleged, inter alia, that he was being held in the Restricted Housing Unit out of retaliation. No staff member or individual is identified in the Grievance as being the cause of the alleged retaliation." ECF No. 68 at 6. And again, when discussing Harris's appeal of this Grievance, the Defendants stated "no other staff member or individual is identified in the appeal." *Id.* at 6-7. These two sentences in the factual recitation of their brief are the only references that relate to the issue they now raise on reconsideration.[2] Each statement is unaccompanied by any citation to the record and, more to the point, Defendants' brief and other submissions offered no legal argument, case law or other authority identifying these facts as the basis for their entitlement to summary judgment. No argument is made connecting this lack of identification with a procedural default or improper exhaustion

---

[2] Defendants do note that Defendants Behringer, Norton, and Adams were not named as defendants in Harris's 2010 action. ECF No. 68 at 12. But this has no bearing on the argument the raise on reconsideration.

3

under the PLRA. Instead, Defendants point to the declaration of Michael Bell as support for their argument that Harris failed to exhaust his claims. Bell stated in his Declaration that the Secretary of Correction's Office had not received "any grievances from Harris that were "salient to the pending action." *See* ECF No. 68 at 7 (citing Bell Declaration, ECF No. 70-4). This failure to follow the grievance appeal process to its end was the basis for the Defendants' argument that Harris had failed to exhaust; not that he failed to identify the Defendants by name in the relevant Grievance. This puts Defendants in a somewhat difficult situation. In the Court's estimation, they have waived this argument by failing to properly raise it in their summary judgment papers. But even assuming they have not waived the argument, the Court is satisfied that it did not legally err in holding that Harris has exhausted his administrative remedies as concerns these three Defendants.

    B.    Failure to Name Defendants in Grievance No. 5569626 is not fatal to Harris's retaliation claim.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA") does not require a prisoner to name each individual whom he sues in a prior grievance. *Stokes v. Riskus*, 2017 WL 2592404, at *7 (W.D. Pa. June 15, 2017) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007) (holding that "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances")). "However, prisoners are required to complete the administrative review process in accordance with rules that are defined by the prison grievance process"— including the rules relating to whom must be identified in the grievance. *Byrd v. Shannon*, 715 F.3d 117, 127 (3d Cir. 2013) (citing *Jones*, 549 U.S. at 218). If a prisoner fails to properly exhaust the available administrative remedies, he cannot bring suit on such claim(s) in federal court. *Goins v. Longstreet*, 2013 WL 869644, at *5 (W.D. Pa. Feb. 13, 2013) (citing *Oliver v. Beard*, 2011 WL 4565787, at *7 (M.D. Pa. Sept. 29, 2011); *Spruill v. Gillis*, 372 F.3d 218, 227–

4

32 (3d Cir. 2004)). The only grievance that relates to Harris's First Amendment retaliation claim is Grievance 569626. This grievance does not mention Defendants Norton, Adams, or Behringer by name or title. ECF No. 86-3, at 27-28. Harris only identifies "10 staff members, D.O.C., PHS, and doctors" whom he sued in 2008. He also identified supervisor "Krieg Williams," the "PRC" and "Security," but made no specific mention of the three Defendants. *Id.* at 28. This failure to identify the Defendants does constitute a "procedural default," and does not amount to "proper exhaustion." *Scullen v. Mahally*, 2018 WL 1335195, at *3 (M.D. Pa. March 15, 2018). "The reason for this is because 'the purpose of the [grievance process] is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing.'" *Id.* (citing *Rosa-Diaz v. Dow*, 683 Fed. Appx. 103, 105–06 (3d Cir. 2017) (inmate procedurally defaulted on claim where grievance policy required identification of defendants, and inmate failed to name particular defendant in grievance related to assault)).

However, the Court of Appeals for the Third Circuit has held that the prison can excuse an inmate's failure to specifically name individuals by identifying the unidentified persons and acknowledging that they were "fairly within the compass of the prisoner's grievance." *Spruill*, 372 F.3d at 234. Put another way, this procedural default may be excused where there is an "indication in the record that prison administrators knew that the defendant was involved in the incident." *Whitehead v. Thomas*, 2017 WL 2664490, at *5 (W.D. Pa. May 23, 2017) (citing *Byrd v. Shannon*, 715 F.3d 117, 127 (3d Cir. 2013). This is because, as the Court of Appeals reiterated, "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Diaz v. Palakovich*, 448 Fed. Appx. 211, 217 (3d Cir. 2011).

5

Here, there is sufficient contemporaneous evidence of record from which it can be concluded that the actions of Defendants Norton, Adams, and Behringer were "fairly within the compass" of Harris's Grievance 569626. *Spruill*, 372 F.3d at 234. First, Grievance 569626 identifies the prison's "PRC" (Program Review Committee), of which Defendant Adams is a member. ECF No. 86-3 at 23-28. Second, the Grievance mentions "Security." Defendant Behringer was a corrections officer at SCI-Albion. *Id.* Third, the record shows that the day after filing Grievance 569626 and alleging retaliation, Harris filed an Inmate Request, seeking "Z-Code" status. Defendant Adams signed this request and Defendant Norton is listed as Harris's counselor. *Id.* at 29. Fourth, on June 4, 2015, the record shows that Harris filed Grievance No. 570372 in which he alerts prison administration to his continued fears of retaliation. Id. at 26. Fifth, the record contains Harris's Inmate Cumulative Adjustment Record" (ICAR) and a notation by Defendant Norton of Harris's belief that he was being held in the RHU as retaliation for his prior lawsuit against the DOC. ECF No. 86-10 at 92-94. Sixth, an Inmate Request form dated June 24, 2015 is in the record in which Harris again complains of being kept in the RHU as retaliation, and listing Defendant Norton as his counselor. ECF No. 86-4 at 2.

Further, Defendant Norton made a reference to Harris believing "he is just getting the run-around and this is all just a ploy to keep him in the RHU until his reparole date." ECF No. 86-10 at 97-98. The record also contains an email authored by Defendant Norton in which she recognizes Harris' frustration with being kept in the RHU, and writes "at this point, I don't know what to tell him." ECF No. 71-17 at 533. On July 16, 2015, Harris filed another grievance, this time implicating Defendant Behringer. Harris states his fear that Behringer will issue a false misconduct charge, thereby further delaying his release from the RHU. ECF No. 71-17 at 22-26.

Defendant Behringer did issue a misconduct charge against Harris, which Harris maintains was fabricated. ECF No. 70-8.

Given this, the Court concludes that these Defendants fell well-within "the compass" of Harris's retaliation grievance. Therefore, the Court did not commit legal error in finding Grievance 569626 properly exhausted.

IV. Conclusion

Defendants have not met their significant burden and their Motion for Reconsideration is denied.

So ordered.

_____
Richard A. Lanzillo
United States Magistrate Judge

Entered this 11th of February, 2019.